IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK10-80470-TLS |
| GERALD SCOTT SHEARMAN and ) | A10-8019-TLS |
| STACIA JEAN SHEARMAN, ) | |
| ) | CHAPTER 13 |
| Debtor(s). ) | |
| GERALD SCOTT SHEARMAN and ) | |
| STACIA JEAN SHEARMAN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CITIZENS BANK, a/k/a ) | |
| CHARTER ONE BANK, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter was presented to the court on the plaintiff-debtors' motion for summary judgment (Fil. #14). No objection was filed. Erin M. McCartney represents the debtors. No appearance has been made for the defendant. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The debtors filed this adversary proceeding to strip off a second lien against their residence. They now move for summary judgment. Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are uncontroverted:

1. The plaintiffs are the debtors in this Chapter 13 proceeding.

2. The plaintiffs are the owners of real property legally described as Lot 4, Block 5, Looking Glass Hills Revised 11C PC4, an addition to the City of Blair, Washington County, Nebraska, commonly known as 2853 Tea Party Lane, Blair, Nebraska 68142.[1]

3. The above-described property has at all relevant times been the personal residence of the plaintiffs herein.

4. CitiMortgage, Inc., holds a first lien against the real property in the approximate amount of $165,298.42.

5. Charter One Bank, N.A., holds a second lien against the property in the approximate amount of $16,637.00.

6. Based upon an appraisal completed pursuant to the request of the debtors on February 13, 2010, the value of the personal residence in question is $135,000.00 at all relevant times. Upon information and belief, the second lien of the defendant is wholly unsecured.

7. The plaintiffs filed this adversary complaint on April 7, 2010.

8. The summons and complaint were served on the defendant by certified mail service, return receipt requested, on December 10, 2010.

9. The time for filing an answer or other response expired on January 9, 2011.

10. No answer or other response has been filed or served by the defendant.

11. The defendant is not an infant or incompetent person as set out in Federal Rule of Bankruptcy Procedure 7055(b)(2), and the defendant is not in the military service.

The legal issue presented here is whether the debtors may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing its security interest in the property. This question has already been decided in this jurisdiction by *In re Sanders*, 202 B.R. 986 (Bankr. D. Neb. 1996).

---

[1] Some documents in the case list the address in the City of Omaha.

In *Sanders*, the junior mortgagee argued that avoidance of its lien in the Chapter 13 plan would impermissibly modify its rights as a holder of a claim secured by a security interest in the debtor's personal residence under 11 U.S.C. § 1322(b)(2).

The Code at § 1322(b)(2) provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may —
>     . . . .
>     (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322(b)(2) (emphasis supplied).

As support for its position, the junior mortgagee cited the United States Supreme Court in *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). In *Nobelman*, the United States Supreme Court held that under § 1322(b)(2), a debtor could not strip off the lien of a partially secured creditor that held a lien on the debtor's principal residence. The Court analyzed the term "claim" in the "other than . . ." clause of § 1322(b)(2), finding it did not refer back to the term "secured claims" in the preceding clause, but rather stood on its own and its definition encompassed both the secured and unsecured components of a partially secured creditor's claim. 508 U.S. at 330-31. The *Nobelman* decision did not address the claims of creditors like the defendant here that are wholly unsecured by the value of the collateral.

The court in *Sanders* found that in order for § 1322(b)(2) to control, the lien creditor must have a wholly or partially secured lien under a § 506(a) analysis of the claim:

> However, the § 506(a) analysis approved of by the [*Nobelman*] court would be superfluous if any claim secured by a lien on the debtor's principal residence were protected by the anti-modification provision. In other words, there would be no need for a § 506(a) analysis if fully secured, partially secured, and totally unsecured home mortgage lienholders all received the protection of the anti-modification provision, because in that instance any value assigned to the lienholder's claim components would be irrelevant in the treatment of the claim under § 1322(b)(2).

*Sanders*, 202 B.R. at 990. *See also In re Matthew & Kimberly Valentine*, Case No. BK07-40039 (Bankr. D. Neb. Mar. 23, 2007) (holding that, pursuant to the *Nobelman* and *Sanders* decisions, a lien may not be stripped down absent sufficient evidence that there is no equity in the property above the prior liens.)

This court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien. *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2d Cir. 2001); *McDonald v. Master Fin., Inc. (In re McDonald)*, 205 F.3d 606 (3d Cir. 2000);

*Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000); *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir. 2002); *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002); *Tanner v. FirstPlus Fin., Inc. (In re Tanner)*, 217 F.3d 1357 (11th Cir. 2000); *Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson)*, 226 B.R. 364 (D. Md. 1998); *Domestic Bank v. Mann (In re Mann)*, 249 B.R. 831 (B.A.P. 1st Cir. 2000); *Griffey v. U.S. Bank (In re Griffey)*, 335 B.R. 166 (B.A.P. 10th Cir. 2005); *Lam v. Investors Thrift (In re Lam)*, 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997); *Lewis v. State Street Bank (In re Lewis)*, 419 B.R. 804 (Bankr. E.D. Mo. 2009).

No material facts are in dispute. The debtors may strip off the wholly unsecured second lien held by Charter One Bank for purposes of the Chapter 13 plan. However, the second lien shall not be avoided until the debtors complete the Chapter 13 plan in its entirety. In the event the Chapter 13 case is converted or dismissed prior to plan completion, Charter One Bank would continue to hold a valid and unavoided lien secured by the debtors' real property. For this reason no documentation of lien avoidance need or shall be recorded until such time as the debtors successfully complete the Chapter 13 plan.

IT IS ORDERED: The plaintiff-debtors' motion for summary judgment (Fil. #14) is granted. Separate judgment will be entered.

DATED:  February 8, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Erin M. McCartney
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.